# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:19-CR-220 |
| | § | |
| OCAL JOHN MILLER, | § | |
| Defendant | § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Sherri L. Zack, Assistant United States Attorney, and the defendant, Ocal John Miller ("Defendant"), and Defendant's counsel, Joshua Lake, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Counts 2 and 3 of the Indictment. Count 2 charges Defendant with **Receipt of Child Pornography**, in violation of Title 18, United States Code, Section 2252(a)(2)(B) & 2252(b)(1). Count 3 charges Defendant with **Possession of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(5)(b) & 2252A(b)(2). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2.  The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 2252(a)(2)(B) & 2252(b)(1), is imprisonment for not less than 5 years and not more than 20 years and a fine of not more than $250,000.00.   The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 2252A(a)(5)(b) & 2252A(b)(2), is imprisonment up to 10 years and a fine of not more than $250,000.00. Additionally, under Counts 2 and 3, Defendant may receive a term of supervised release after imprisonment of no less than 5 years and up to life.   *See* Title 18, United States Code, sections 3559(a)(2) and 3583(k).   Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation.   *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(k).   Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3.  Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.   The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4.  Pursuant to Title 18, United States Code, Section 3014(a)(3), if the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United

States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction.   The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

### Immigration Consequences

5.   Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.   Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.   Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### Waiver of Appeal and Collateral Review

6.   Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255.   In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally

3

attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

7.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.   Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court.   The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.   *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8.   Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

9.   The United States agrees to each of the following:

(a)      If Defendant pleads guilty to Counts 2 and 3 of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b)      If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the

United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding - Southern District of Texas Only

10.   The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.   It does not bind any other United States Attorney's Office.   The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

11.   The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)    to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)    to set forth or dispute sentencing factors or facts material to sentencing;

(c)    to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)    to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)    to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

12.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a).   Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.   Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

13.   Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

(a)      If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)      At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront

6

those witnesses and his attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.   If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)   At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.   However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

14.   Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts 2 and 3 of the Indictment.   If this case were to proceed to trial, the United States could prove each element of the offenses beyond a reasonable doubt.   The following facts, among others would be offered to establish the Defendant's guilt:

In April of 2017, Homeland Security Investigations (HSI) Galveston received information from the National Center for Missing and Exploited Children (NCMEC) concerning a report from Microsoft.   Microsoft reported suspicious nude images of children being transmitted through their platform Skype.   After reviewing the images, Microsoft, who owns the Skype platform, made three reports to NCMEC concerning a customer using Skype to distribute images of young nude boys via the internet.   The titles of the images were: tmpAD2D.jpg, tmp5F44.jpg, and tmp4747.jpg.   The images depicted a nude prepubescent minor 9-11 year old boy seated on blue fabric with his legs spread apart exposing his erect penis for the camera's view and three nude prepubescent 13-15 year old minors seated on a beach facing the camera with their legs spread apart exposing their penises for the camera's view. The third image appears to be a duplicate of the second image.   The investigation was conducted by Special Agent (SA) Lewis and Webster Police Department Detective Nettles.   Various

7

subpoenas were issued which lead to the residence of Ocal J. Miller in Seabrook, Texas.

The customer information associated with the account included the Skype screen names tim.marshall754, tim.marshall64 and live:ocal_28.  The Internet Protocol (IP) address associated with the account was 216.80.135.107.  This IP addressed was owned by Comcast but managed by Earthlink.  In October of 2017, Earthlink responded to an inquiry seeking to know what customer was using the above IP address on August 12, 2016, the date and time of the distribution reported by Microsoft.

Earthlink indicated that the subscriber was Ocal J. Miller at a specific address in Seabrook.  Comcast responded with the same information.  The Microsoft report indicated that a Skype customer using the screen name tim.marshall754 distributed the file named tmpAD2D.jpg on July 28, 2016.  On August 12, 2016, tim.marshall64 distributed the file named tmp5F44.jpg.  On September 30, 2016, the user known as live:ocal_28 distributed the file named tmp4747.jpg.  Records were obtained for the two IP addresses associated with the distribution by these users of the above referenced child pornography.  All of the responses indicated the IPs resolved to the residence of Ocal J. Miller.

An investigation into this individual revealed he was at one time the Mayor Pro Tem of Seabrook, Texas and had a long history, over 20 years, in law enforcement.  Surveillance was conducted at the residence.

A federal search warrant was presented to and granted by United States Magistrate Judge Stephen Smith.  The search warrant was executed on March 30, 2017.  After securing the home and escorting Ocal Miller outside the residence, agents were able to search the home. Detective Cox of the Pearland Police Department, observed a computer in an office.  On the

8

screen of the computer was a queued up video of a young male masturbating.   The computer was a laptop hooked up to a larger external monitor with a white thumb drive plugged into it. While the home was being searched, Detective Arnold and SA Lewis encountered Miller. Shortly thereafter, his partner, Mr. Murphy arrived.   Murphy identified the devices in the home and stated no one else had access to the computers but he and Miller.   Murphy did not know anything about the white thumb drive.   Murphy did indicate that he believed Miller used Skype.

Det. Cox conducted a forensic preview.   During that preview he observed the file structure on the "patriot" thumb drive.   The titles of the majority of the files were consistent with child pornography images/videos and someone who has a sexual interest in children.

Numerous computers, digital media and storage devices were seized.   Detective Vlasek examined the seized items and found child pornography images/videos on the following devices: IBM thinkpad's Seagate hard drive, s/n W6235HN5 (made in China), Apple iPhone 6s model A1688, s/n FFMRQBA5GRY9 (made in China), Western Digital hard drive, s/n WMAM97059487 (made in Thailand), Patriot Glyde 128GB flash drive (made in Taiwan or California), and Memorex DVD-R (made in Taiwan or India).   In addition to the child pornography images/videos, the examination of the iPhone revealed thousands of text and chat messages that indicated the persons engaging in the chats/texts had a sexual interest in children. The conversations included sexual interests, preferences and what they had to trade or share. Some of the exchanges included links to cloud storage accounts.   A search warrant was executed on the Dropbox account linked to the Defendant and it contained images/videos of child pornography.

Based on the investigation and forensic analysis it was determined that Miller distributed

9

child pornography images and videos via Skype, to Dropbox, via Dropbox links, and through Kik between June 28, 2016 through February 16, 2017, Miller received child pornography between January 21, 2016 and October 16, 2016, via Skype, Kik Messenger and Dropbox links. Miller possessed child pornography on March 30, 2017. All the devices were manufactured outside the state of Texas and the internet, a means and facility of interstate and foreign commerce, was used to facilitate these crimes.

### Breach of Plea Agreement

15. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

16. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

17.   Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement.   Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.   Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

18.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

19.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

20.   Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction.   Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing.   Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s).   Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or

11

delay payment. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

21.    Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

22.    Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

23.    Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

24.    Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

25.    Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

12

**Notification of the Sex Offender Registration and Notification Act**

26.     Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions:   where he resides; where he is an employee; and where he is a student.   The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information.   The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status.   Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

**Complete Agreement**

27.   This written plea agreement, consisting of 16 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

28.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Houston_, Texas, on _October 3_, 2019.

_Ocal John Miller_
Defendant

Subscribed and sworn to before me on _October 3_, 2019.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:
Ryan K. Patrick
United States Attorney

By: _____
Sherri L. Zack
Assistant United States Attorney
Southern District of Texas

_____
Paul Charles Looney
Attorney for Defendant

14

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:19-CR-220 |
| | § | |
| OCAL JOHN MILLER, | § | |
| Defendant | § | |

PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Attorney for Defendant

10/3/19
_____
Date

I have consulted with my attorney and fully understand all my rights with respect to the

15

indictment pending against me.   My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case.   I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_Ocal J. Miller_
Defendant

_October 3, 2019_
Date

16